**IT IS ORDERED as set forth below:**



**Date: September 21, 2017**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 15-53700-WLH |
| | ) | |
| BRENDA KAY ROBERTSON, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| RES-GA DIAMOND MEADOWS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. PROC. NO. 15-05436 |
| | ) | |
| BRENDA KAY ROBERTSON, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This matter comes before the Court on Defendant Brenda Robertson's ("Robertson") Motion to Strike ("Motion") [Docket No. 109]. Robertson filed a motion seeking summary judgment on January 20, 2017 ("Summary Judgment Motion") [Docket No. 76]. After receiving an extension of time to file a response, RES-GA Diamond Meadows, LLC ("RGDM") filed its

1

response to the Summary Judgment Motion on February 28, 2017 ("Response") [Docket No. 100]. Robertson timely filed her reply brief on March 14, 2017 ("Reply Brief") [Docket No. 102], along with a supplemental affidavit ("Supplemental Affidavit") [Docket No. 103]. RGDM filed a sur-reply on March 28, 2017, arguing Robertson's Reply Brief and Supplemental Affidavit included new arguments and evidence that required further response ("Sur-Reply"). In the Motion, Robertson seeks to strike the Sur-Reply on the grounds that a sur-reply is not permitted under local rules of this Court.

As an initial matter, the Court notes it is not procedurally proper to strike a sur-reply. Gemini Ins. Co. v. Stafford Transport, Inc., 2016 WL 4582071, at *2 (N.D. Ga. May 27, 2016). Fed. R. Civ. P. 12(f), made applicable to this proceeding by Fed. R. Bankr. P. 7012, only permits the court to strike materials from *pleadings*. Id.; see also Fed. R. Civ. P. 12(f). Neither a reply brief nor a sur-reply is considered a pleading for purpose of Rule 12(f). See Fed. R. Civ. P. 7(a) (pleadings include a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and if so ordered by the court, a reply to an answer). Robertson's Motion is not procedurally proper, therefore RGDM's Sur-Reply will not be stricken from the record. However, it is standard practice for the party seeking to file a sur-reply to first move the court for leave to file the sur-reply. See Groobert v. President and Directors of Georgetown College, 219 F. Supp. 2d 1, 13 n.2 (D.D.C. 2002). Because no such motion was filed, Robertson was denied the opportunity to raise any objections to RGDM filing a brief beyond what is permitted by this Court's local rules. Accordingly, the Court will construe Robertson's Motion as an objection to RGDM's filing of the Sur-Reply.

A sur-reply "is an additional reply to a motion filed after the motion has already been fully briefed." Thomas v. Wilkinson, 2017 WL 262062, at *1 (E.D. Cal. Jan. 18, 2017). Neither the Federal Rules of Civil Procedure nor this Court's local rules authorize the filing of a sur-reply. Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005); In re Harmon, 512 B.R. 321, 335 (Bankr. N.D. Ga. 2014); see also BLR 7007-1. A court has considerable discretion to permit the filing of a sur-reply, and it "should generally only be allowed when 'a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'" First Specialty Ins. Corp. v. 633 Partners, Ltd., 300 Fed. Appx. 777, 788 (11th Cir. 2008) (quoting Fedrick, 366 F. Supp. 2d at 1197).

RGDM's Sur-Reply states Robertson raised three new arguments in her Reply Brief. Initially, RGDM argues the Reply Brief claimed for the first time that *res judicata* does not apply specifically because Georgia law requires an identity of parties. The Court understands Robertson's original argument regarding the impact of the judgment in question to be that the judgment is binding on Robertson but insufficient to prove intent for the purpose of RGDM's claim under Section 727(a)(2). The Court finds the position asserted in the Reply Brief could be construed as a change in Robertson's position, particularly because Robertson appears to argue in the Reply Brief that the prior judgment does not apply at all with respect to either the Section 727 claim or the Section 523 claim. Accordingly, the Court will consider the portion of RGDM's Sur-Reply related to Robertson's *res judicata* argument.

Second, RGDM argues Robertson stated for the first time in the Reply Brief that the South Bay Property transfer was a valid transaction for which Robertson received consideration. RGDM's real argument appears to be that Robertson should have provided more specific information regarding the alleged consideration for the South Bay Property prior to filing the

3

Reply Brief. The Court finds Robertson responded to the South Bay Property consideration issue in her response to RGDM's summary judgment motion (Doc. No. 98, ¶ iv., p.5) and in response to RGDM's statement of undisputed facts (Doc. No. 99, ¶ 32, p.11). The Court finds that Robertson's arguments related to the South Bay Property in her Reply Brief are not new arguments and do not warrant a response in the form of a Sur-Reply. The Court will, therefore, not consider the portions of RGDM's Sur-Reply related to the South Bay Property transfer.

RGDM also alleges Robertson addressed the arguments regarding the Supreme Court's decision in Husky International Electronics, Inc. v. Ritz, 136 S. Ct. 1581 (2016) for the first time in her Reply Brief. Specifically, RGDM argues that the Reply Brief referenced for the first time the language in the opinion that Section 523(a)(2)(A) only applies to "behavior connected to specific debts…." 136 S. Ct. at 1589-90. Robertson specifically argued, however, that RGDM's debt was not "in any way based on fraud by [Robertson]" in her response to RGDM's summary judgment motion. (Doc. No. 98, ¶ ix., p.7). Therefore, the Court will not consider the portions of RGDM's Sur-Reply related to the decision in Husky.

Lastly, RGDM argues new evidence was presented in the Supplemental Affidavit that warrants response, or in the alternative should not be considered for purposes of Robertson's Summary Judgment Motion. The Supplemental Affidavit only provided information in response to RGDM's briefing, and did not include new evidence material to any of RGDM's claims. Therefore, the Court finds the Supplemental Affidavit was properly filed with the Reply Brief. See Key v. Shelby Cty., 551 Fed. Appx. 262, 264 (6th Cir. 2014) (quoting Peters v. Lincoln Electric Co., 285 F.3d 456, 476 (6th Cir. 2002)). The Supplemental Affidavit will therefore be considered for purposes of Robertson's Summary Judgment Motion and does not provide a basis for RGDM's Sur-Reply.

The Court notes the parties have extensively briefed the cross-motions for summary judgment in this adversary proceeding. Both motions have been fully briefed. At RGDM's request, the Court permitted the parties to add fifteen additional pages to their respective summary judgment motions, a substantial increase over what is permitted under this Court's local rules. See BLR 7007-1(e). Because the parties' arguments have been fully briefed through the parties' filings, the Court finds that declining to consider portions of the Sur-Reply as described herein will not result in a "substantial prejudicial effect" on RGDM's prosecution of its claims. Alexander v. Fulton Cty., 207 F.3d 1303, 1326 (11th Cir. 2000). To otherwise permit the filing of sur-replies when they are not absolutely necessary "would put the court in the position of refereeing an endless volley of briefs." Fedrick, 366 F. Supp. 2d at 1197.[1] Accordingly, it is hereby:

**ORDERED** that the Sur-Reply will be considered for the limited purpose of responding to Robertson's *res judicata* argument, and the remaining arguments will not be considered by the Court at this time;

**ORDERED FURTHER** that Robertson's Motion is otherwise **DENIED** as provided herein.

The clerk is directed to serve a copy of this order on Plaintiff's counsel and counsel for Defendant.

**END OF DOCUMENT**

---

[1] RGDM also attached a seventy-eight page exhibit to the Sur-Reply. Because the exhibit was not relevant to RGDM's arguments on the mutuality requirement for *res judicata* in Georgia, it will not be considered.

## DISTRIBUTION LIST

Beth E. Rogers
Rogers Law Offices
Suite 1950
100 Peachtree Street
Atlanta, GA 30303

George M. Geeslin
Two Midtown Plaza, Ste. 1350
1349 West Peachtree Street
Atlanta, GA 30309